**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| PASAFESHARE LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | NO. 6:20-cv-00397-ADA |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**MICROSOFT CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Microsoft Corporation ("Microsoft") responds to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff paSafeShare LLC ("paSafeShare"), as follows:

**ORIGINAL COMPLAINT**

1.      Paragraph 1 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and on that basis denies them.

**THE PARTIES**

2.      Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and on that basis denies them.

3.      Microsoft admits that it is a Washington corporation and that its principal place of business is One Microsoft Way, Redmond, WA 98052.  Microsoft further admits that it is registered to transact some business in Texas and does transact some business in this judicial district.  Microsoft further admits that Corporation Service Company is Microsoft's registered

agent for service in Texas.  Microsoft denies any remaining allegations of Paragraph 3 of the Complaint.

4.      Microsoft admits that it is registered to do business in the State of Texas under Texas SOS File Number 0010404606. Microsoft denies the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Microsoft admits that the Complaint purports to allege claims arising under the patent laws of the United States but denies that any grounds exist for paSafeShare's claims under these laws.  Microsoft admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).  Microsoft denies any remaining allegations of Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no answer is required.  To the extent any response is required, Microsoft denies the allegations of Paragraph 6 of the Complaint.

7.      Microsoft admits that is a defendant in the patent litigation matters identified by case nos. 6:19-cv-00399-ADA and 1:19-cv-00874-ADA, both of which are in the Western District of Texas.  Microsoft denies any remaining allegations of Paragraph 7 of the Complaint.

8.      For purposes of this action only, Microsoft does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint.  Microsoft specifically denies that it has infringed, or is now infringing, any patent; denies it has committed any acts that would give rise to a valid claim by paSafeShare; and denies that paSafeShare is entitled to any relief.  Except as expressly as admitted herein, Microsoft denies the remaining allegations in Paragraph 8 of the Complaint.

9.     For purposes of this action only, Microsoft does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint.  Except as expressly as admitted herein, Microsoft denies the remaining allegations in Paragraph 9 of the Complaint.

10.    For purposes of this action only, Microsoft does not contest personal jurisdiction in this Court with respect to the particular products and particular allegations identified in the Complaint.  Except as expressly as admitted herein, Microsoft denies the remaining allegations in Paragraph 10 of the Complaint.

11.    Microsoft admits only that it is registered to do business in Texas and has transacted business in this District.  Microsoft further responds that it does not contest venue under 35 U.S.C. § 1400(b) for purposes of this specific action but denies that this venue is convenient or in the interest of justice.  Microsoft specifically denies that it has infringed, or is now infringing, any patent; denies it has committed any acts that would give rise to a valid claim by paSafeShare; and denies that paSafeShare is entitled to any relief.  Except as expressly as admitted herein, Microsoft denies the remaining allegations in Paragraph 11 of the Complaint.

12.    Microsoft admits that it maintains corporate sales office locations and a data center location in this judicial district.  Microsoft denies any remaining allegations of Paragraph 12 of the Complaint.

13.    Microsoft admits that it maintains corporate sales offices in this judicial district, including at 10900 Stonelake Boulevard, Suite 225, Austin, TX, USA 78759 and Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, TX, USA 78258.  Microsoft denies any remaining allegations of Paragraph 13 of the Complaint.

14.     Microsoft admits that it maintains corporate sales offices in this judicial district. Microsoft denies the remaining allegations of Paragraph 14 of the Complaint.

15.     Microsoft denies the allegations of Paragraph 15 of the Complaint.

16.     Microsoft admits that it maintains a list of Microsoft Learning Partners including Microsoft Certified Trainers who complete training and meet technical certification requirements. Microsoft further admits that ONLC is a Microsoft learning partner.   Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and on that basis denies them.

17.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and on that basis denies them.

18.     Microsoft admits that it owns and operates a data center location in this judicial district at 5150 Rogers Road, San Antonio, TX 78251.  Microsoft denies the remaining allegations of Paragraph 18 of the Complaint.

19.     Microsoft admits that the screenshot in paragraph 19 appears to be an accurate reproduction of an excerpt of a webpage located at https://azure.microsoft.com/en-us/global-infrastructure/regions/.   Microsoft denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Microsoft admits that a webpage including a list of non-regional Azure products available in the South Central US region appears to be available at https://azure.microsoft.com/en-us/global-infrastructure/services/?regions=nonregional,us-south-central&products=all.  Microsoft admits that Azure Information Protection is a non-regional product available in the South Central US region.  Microsoft denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Microsoft admits that Texas is located in the South Central US region and that it owns and operates a data center location in San Antonio, Texas.  Microsoft admits that Azure Information Protection is a non-regional product available in the South Central US region and. Microsoft denies any remaining allegations of Paragraph 21 of the Complaint.

22.     Microsoft admits that as of the date of the Complaint, it had H-1B Labor Condition Applications for Microsoft employees in the Western District of Texas.  Paragraph 22 of the Complaint also contains legal conclusions to which no response is required.  To the extent any response is required, Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and on that basis denies them.

23.     Microsoft admits that it has job openings on its website for positions in this judicial district as of the date of this Answer.  Microsoft denies the remaining allegations of Paragraph 23 of the Complaint.

## FACTUAL BACKGROUND

24.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and on that basis denies them.

25.     Microsoft admits that Madhav S. Phadke and Kedar M. Phadke are listed as inventors on U.S. Patent No. 10,095,848 (the "'848 Patent"), U.S. Patent No.9,455,961 (the "'961 Patent"), and U.S. Patent No. 9,615,116 (the "'116 Patent").  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Complaint and on that basis denies them.

26.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and on that basis denies them.

27.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and on that basis denies them.

28.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and on that basis denies them.

29.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and on that basis denies them.

30.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and on that basis denies them.

31.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and on that basis denies them.

32.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and on that basis denies them.

### United States Patent No. 9,455,961

33.     Microsoft admits that a document purporting to be a copy of the '961 Patent and entitled "System, Method and Apparatus for Securely Distributing Content" was attached to the Complaint as Exhibit 1.  Microsoft further admits that the face of the document attached to the Complaint as Exhibit 1 lists Madhav S. Phadke and Kedar M. Phadke as inventors and an issue date of September 27, 2016.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33 of the Complaint and on that basis denies them.

34.     Paragraph 34 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Microsoft denies that the '961 Patent is valid or enforceable.

35.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and on that basis denies them.

### United States Patent No. 9,615,116

36.     Microsoft admits that a document purporting to be a copy of the '116 Patent and entitled "System, Method and Apparatus for Securely Distributing Content" was attached to the Complaint as Exhibit 2.  Microsoft further admits that the face of the document attached to the Complaint as Exhibit 2 lists Madhav S. Phadke and Kedar M. Phadke as inventors and an issue date of April 4, 2017.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and on that basis denies them

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Microsoft denies that the '116 Patent is valid or enforceable.

38.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and on that basis denies them.

### U.S. Patent No. 10,095,848

39.     Microsoft admits that a document purporting to be a copy of the '848 Patent and entitled "System, Method and Apparatus for Securely Distributing Content" was attached to the Complaint as Exhibit 3.  Microsoft further admits that the face of the document attached to the Complaint as Exhibit 3 lists Madhav S. Phadke and Kedar M. Phadke as inventors and an issue date of October 9, 2018.  Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint and on that basis denies them.

40.     Paragraph 40 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, Microsoft denies that the '848 Patent is valid or enforceable.

41.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and on that basis denies them.

## CLAIMS FOR RELIEF

### COUNT I Alleged Infringement by Microsoft of U.S. Patent No. 9,455,961

42.     Microsoft repeats and incorporates by reference its responses in Paragraphs 1-41 above as though fully set forth herein.

43.     Paragraph 43 of the Complaint contains legally conclusory characterizations to which no response is required.  To the extent any response is required, the description of the unidentified Microsoft products in Paragraph 43 of the Complaint is so general and vague that Microsoft is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

44.     Microsoft admits only that it makes, uses, sells, offers to sell, imports and/or provides access to Azure Information Protection, Microsoft Azure RMS, Microsoft Azure Active Directory, Azure Key Vault, Microsoft Office 365, and Microsoft Azure RMS-enlightened applications.  Microsoft denies the remaining allegations of Paragraph 44 of the Complaint.

45.     Microsoft denies the allegations of Paragraph 45 of the Complaint.

46.     Microsoft admits that Azure Rights Management (RMS) is a cloud-based protection service.  Microsoft denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Microsoft denies the allegations of Paragraph 47 of the Complaint.

48.     Microsoft denies the allegations of Paragraph 48 of the Complaint.

49.     Microsoft denies the allegations of Paragraph 49 of the Complaint.

50.     Microsoft denies the allegations of Paragraph 50 of the Complaint.

51.     Microsoft denies the allegations of Paragraph 51 of the Complaint.

52.     Microsoft denies the allegations of Paragraph 52 of the Complaint.

53.     Microsoft denies the allegations of Paragraph 53 of the Complaint.

54.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint and on that basis denies them.

55.     Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 44 of the Complaint is a non-regional product available to businesses and individuals in the United States.  Microsoft denies any remaining allegations of Paragraph 55 of the Complaint.

56.     Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 44 of the Complaint is a non-regional product available to businesses and individuals in the Western District of Texas.  Microsoft denies any remaining allegations of Paragraph 56 of the Complaint.

57.     Microsoft denies the allegations of Paragraph 57 of the Complaint.

58.     Microsoft denies the allegations of Paragraph 58 of the Complaint.

59.     Microsoft denies the allegations of Paragraph 59 of the Complaint.

60.     Microsoft admits only that the Complaint identifies the '961 Patent and that Microsoft was served with the Complaint.  Microsoft denies any remaining allegations of Paragraph 60 of the Complaint.

61.     Microsoft denies the allegations of Paragraph 61 of the Complaint.

62.     Microsoft denies the allegations of Paragraph 62 of the Complaint.

63.     Microsoft denies the allegations of Paragraph 63 of the Complaint.

**COUNT II Alleged Infringement of U.S. Patent No. 9,615,116**

64.     Microsoft repeats and incorporates by reference its responses in Paragraphs 1-63 above as though fully set forth herein.

65.     Paragraph 65 of the Complaint contains legally conclusory characterizations to which no response is required.  To the extent any response is required, the description of the unidentified Microsoft products in Paragraph 65 of the Complaint is so general and vague that Microsoft is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

66.     Microsoft admits only that it makes, uses, sells, offers to sell, imports and/or provides access to Azure Information Protection, Microsoft Azure RMS, Microsoft Azure Active Directory, Azure Key Vault, Microsoft Office 365, and Microsoft Azure RMS-enlightened applications.  Microsoft denies the remaining allegations of Paragraph 66 of the Complaint.

67.     Microsoft denies the allegations of Paragraph 67 of the Complaint.

68.     Microsoft admits that Azure Rights Management (RMS) is a cloud-based protection service.  Microsoft denies the remaining allegations of Paragraph 68 of the Complaint.

69.     Microsoft denies the allegations of Paragraph 69 of the Complaint.

70.     Microsoft denies the allegations of Paragraph 70 of the Complaint.

71.     Microsoft denies the allegations of Paragraph 71 of the Complaint.

72.     Microsoft denies the allegations of Paragraph 72 of the Complaint.

73.     Microsoft denies the allegations of Paragraph 73 of the Complaint.

74.     Microsoft denies the allegations of Paragraph 74 of the Complaint.

75.     Microsoft denies the allegations of Paragraph 75 of the Complaint.

76. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint and on that basis denies them.

77. Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 66 of the Complaint is a non-regional product available to businesses and individuals in the United States. Microsoft denies any remaining allegations of Paragraph 77 of the Complaint.

78. Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 66 of the Complaint is a non-regional product available to businesses and individuals in the Western District of Texas. Microsoft denies any remaining allegations of Paragraph 78 of the Complaint.

79. Microsoft denies the allegations of Paragraph 79 of the Complaint.

80. Microsoft denies the allegations of Paragraph 80 of the Complaint.

81. Microsoft denies the allegations of Paragraph 81 of the Complaint.

82. Microsoft admits only that the Complaint identifies the '116 Patent and that Microsoft was served with the Complaint. Microsoft denies the remaining allegations of Paragraph 82 of the Complaint.

83. Microsoft denies the allegations of Paragraph 83 of the Complaint.

84. Microsoft denies the allegations of Paragraph 84 of the Complaint.

85. Microsoft denies the allegations of Paragraph 85 of the Complaint.

**COUNT III Alleged Infringement of U.S. Patent No. 10,095,848**

86. Microsoft repeats and incorporates by reference its responses in Paragraphs 1-85 above as though fully set forth herein.

87.     Paragraph 87 of the Complaint contains legally conclusory characterizations to which no response is required.  To the extent any response is required, the description of the unidentified Microsoft products in Paragraph 87 of the Complaint is so general and vague that Microsoft is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.

88.     Microsoft admits only that it makes, uses, sells, offers to sell, imports and/or provides access to Azure Information Protection, Microsoft Azure RMS, Microsoft Azure Active Directory, Azure Key Vault, Microsoft Office 365, and Microsoft Azure RMS-enlightened applications.  Microsoft denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Microsoft denies the allegations of Paragraph 89 of the Complaint.

90.     Microsoft admits that Azure Rights Management (RMS) is a cloud-based protection service.  Microsoft denies the remaining allegations of Paragraph 90 of the Complaint.

91.     Microsoft denies the allegations of Paragraph 91 of the Complaint.

92.     Microsoft denies the allegations of Paragraph 92 of the Complaint.

93.     Microsoft denies the allegations of Paragraph 93 of the Complaint.

94.     Microsoft denies the allegations of Paragraph 94 of the Complaint.

95.     Microsoft denies the allegations of Paragraph 95 of the Complaint.

96.     Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint and on that basis denies them.

97.     Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 88 of the Complaint is a non-regional product available to businesses and individuals in the United States.  Microsoft denies the allegations of Paragraph 97 of the Complaint.

98.     Microsoft admits that one or more products named in the definition of "Microsoft Azure RMS Platform" provided in Paragraph 88 of the Complaint is a non-regional product available to businesses and individuals in the Western District of Texas.  Microsoft denies any remaining allegations of Paragraph 98 of the Complaint.

99.     Microsoft denies the allegations of Paragraph 99 of the Complaint.

100.    Microsoft denies the allegations of Paragraph 100 of the Complaint.

101.    Microsoft denies the allegations of Paragraph 101 of the Complaint.

102.    Microsoft admits only that the Complaint identifies the '848 Patent and that Microsoft was served with the Complaint.  Microsoft denies the remaining allegations of Paragraph 102 of the Complaint.

103.    Microsoft denies the allegations of Paragraph 103 of the Complaint.

104.    Microsoft denies the allegations of Paragraph 104 of the Complaint.

105.    Microsoft denies the allegations of Paragraph 105 of the Complaint.

## JURY DEMAND

106.    Pursuant to Federal Rule of Civil Procedure 38(b), Microsoft requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Microsoft denies that paSafeShare is entitled to any of the grounds for relief enumerated in its Complaint and respectfully requests that the Court enter judgment against paSafeShare on all of paSafeShare's claims.

## MICROSOFT'S AFFIRMATIVE DEFENSES

In further response to the Complaint, and without conceding or assuming that Microsoft bears the burden of proof as to any of them, Microsoft alleges the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### First Affirmative Defense

Microsoft does not and has not infringed, directly, indirectly, contributorily, or otherwise, any claim of the '961, '116 and '848 Patents, nor has it induced infringement of any kind.

### Second Affirmative Defense

On information and belief, a reasonable opportunity for discovery will establish that each claim of the '961, '116 and '848 Patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

paSafeShare fails to state any claim for direct or indirect infringement against Microsoft upon which relief may be granted.

### Fourth Affirmative Defense

This is an exceptional case under 35 U.S.C. § 285, entitling Defendant to an award of its costs, expenses, and reasonable attorney fees in this action.

### Fifth Affirmative Defense

paSafeShare's claims for relief are barred, in whole or in part, by operation of the applicable statutes that limit damages and other relief, including but not limited to 35 U.S.C. §§ 286, 287, and 288.  paSafeShare has not pled any pre-suit notice or any other basis for pre-suit damages.

Microsoft's investigation of the claims and its defenses is continuing.  In addition to the affirmative defenses set forth herein, Microsoft expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case. Microsoft also expressly incorporates by reference herein all defenses pled by Adobe and any other defendant in this action in that defendant's respective answer to the Complaint.

## COUNTERCLAIMS

Microsoft states the following as its Counterclaims against paSafeShare.

### THE PARTIES

1.      Counterclaimant Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.

2.      Counterclaim defendant paSafeShare has alleged that it is a New Jersey corporation with its principal place of business located in Colts Neck, New Jersey.

### JURISDICTION AND VENUE

3.      Subject to Microsoft's defenses and denials stated above, this Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

4.      This Court has personal jurisdiction over paSafeShare because, inter alia, paSafeShare has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this judicial district through filing suit in this district.

5.      Subject to Microsoft's defenses and denials stated above, venue for this Counterclaim is proper in this judicial district because paSafeShare has consented to this venue through the filing of a claim for patent infringement against Microsoft in this judicial district, in response to which this Counterclaim is being asserted.

### COUNT I

### Declaratory Judgment of Noninfringement of the '961 Patent

6.      Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-5 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

7.      paSafeShare has filed an infringement action in this Court to enforce the '961 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

8.      Microsoft has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent.

9.      Microsoft seeks and is entitled to a declaratory judgment that it has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent.

10.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent, thereby causing Microsoft irreparable injury and damage.

## COUNT II

### Declaratory Judgment of Noninfringement of the '116 Patent

11.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-10 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

12.     paSafeShare has filed an infringement action in this Court to enforce the '116 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the

'116 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

13.     Microsoft has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '116 Patent.

14.     Microsoft seeks and is entitled to a declaratory judgment that it has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '116 Patent.

15.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '116 Patent, thereby causing Microsoft irreparable injury and damage.

**COUNT III**

**<u>Declaratory Judgment of Noninfringement of the '848 Patent</u>**

16.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-15 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

17.     paSafeShare has filed an infringement action in this Court to enforce the '848 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

18.     Microsoft has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent.

19.     Microsoft seeks and is entitled to a declaratory judgment that it has not directly or indirectly infringed, nor is it presently directly or indirectly infringing, any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent.

20.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent, thereby causing Microsoft irreparable injury and damage.

**COUNT IV**

**Declaratory Judgment of Invalidity of the '961 Patent**

21.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-20 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

22.     paSafeShare has filed an infringement action in this Court to enforce the '961 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

23.     On information and belief, a reasonable opportunity for discovery will establish that each claim of the '961 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     Microsoft seeks and is entitled to a declaratory judgment that the claims of the '961 Patent are invalid.

25.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '961 Patent, thereby causing Microsoft irreparable injury and damage.

**COUNT V**

**Declaratory Judgment of Invalidity of the '116 Patent**

26.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-25 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

27.     paSafeShare has filed an infringement action in this Court to enforce the '116 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '116 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

28.     On information and belief, a reasonable opportunity for discovery will establish that each claim of the '116 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.     Microsoft seeks and is entitled to a declaratory judgment that the claims of the '116 Patent are invalid.

30.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed any of paSafeShare's patent rights, including

any rights in or to any valid and enforceable claim of the '116 Patent, thereby causing Microsoft irreparable injury and damage.

## COUNT VI

### Declaratory Judgment of Invalidity of the '848 Patent

31.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-30 of its Counterclaim and all of the Affirmative Defenses above as though fully set forth.

32.     paSafeShare has filed an infringement action in this Court to enforce the '848 Patent against Microsoft.  Microsoft has denied that it has infringed or is presently infringing any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent.  Therefore, an actual and justiciable controversy exists between paSafeShare and Microsoft.

33.     On information and belief, a reasonable opportunity for discovery will establish that each claim of the '848 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

34.     Microsoft seeks and is entitled to a declaratory judgment that the claims of the '848 Patent are invalid.

35.     Absent a declaration and order as sought as Microsoft, paSafeShare will continue to wrongfully assert that Microsoft has infringed any of paSafeShare's patent rights, including any rights in or to any valid and enforceable claim of the '848 Patent, thereby causing Microsoft irreparable injury and damage.

## MICROSOFT'S PRAYER FOR RELIEF

WHEREFORE, Defendant Microsoft Corporation respectfully requests that the Court enter an Order and Judgment against Plaintiff paSafeShare, LLC, as follows:

A.   A dismissal with prejudice of paSafeShare's Complaint against Microsoft;

B.   A denial of any and all relief sought by paSafeShare;

C.   A declaration that Microsoft has not infringed any of paSafeShare's patent rights and is not directly or indirectly infringing any asserted claim of the '961, '116, and '848 Patents;

D.   A declaration that the claims of the '961, '116, and '848 Patents are invalid; and

E.   Such other and further relief as the Court deems just and proper.

Dated:  July 31, 2020                          Respectfully submitted,


                                               */s/ Barry K. Shelton*
                                               _____
                                               Barry K. Shelton
                                               Shelton Coburn LLP
                                               311 Ranch Road 620 S, Suite 205
                                               Austin, Texas 78734-4775
                                               Tel: (512) 263-2165
                                               Fax: (512) 263-2166

                                               Sarah E. Piepmeier (admitted, CA 227094)
                                               SPiepmeier@perkinscoie.com
                                               May Eaton (*Pro Hac Vice*)
                                               MayEaton@perkinscoie.com
                                               Perkins Coie LLP
                                               505 Howard Street, Suite 1000
                                               San Francisco, CA  94105-3204
                                               Tel: (415) 344-7000
                                               Fax: (415) 344-7050

                                               Antoine M. McNamara (*Pro Hac Vice*)
                                               AMcNamara@perkinscoie.com
                                               Christopher Marth (*Pro Hac Vice*)
                                               CMarth@perkinscoie.com
                                               PERKINS COIE LLP
                                               1201 Third Avenue, Suite 4900
                                               Seattle, WA 98101-3099
                                               Telephone:  206.359.8000
                                               Facsimile:  206.359.9000


                                               ATTORNEYS FOR DEFENDANT
                                               MICROSOFT CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on July 31, 2020.

*/s/ Barry K. Shelton*
Barry K. Shelton
