IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

PASAFESHARE LLC ,

                          Plaintiff,

            V.                                    Case No. 6:20-CV-00397-ADA

                                                  JURY TRIAL DEMANDED

MICROSOFT CORPORATION,

                          Defendant.

**PLAINTIFF PASAFESHARE LLC'S OPPOSITION TO DEFENDANT MICROSOFT
CORPORATION'S MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

## <u>TABLE OF CONTENTS</u>

I.      Introduction.................................................................................................... 1

II.     Background..................................................................................................... 2

III.    Legal standard................................................................................................ 3

IV.     Argument........................................................................................................ 4

        A.      The private interest factors weigh against transfer. ................................. 5

                1.   The sources of proof are not more conveniently located in Austin. ................ 5

                2.   Microsoft fails to show that the cost of attendance for willing witnesses favors transfer. ............................................................... 7

                3.   All other practical problems weigh against transfer......................... 9

        B.      The public interest factors weigh against transfer. ................................. 10

                1.   The local interest factor............................................................... 10

V.      Conclusion. ................................................................................................... 11

TABLE OF AUTHORITIES

Page(s)

Cases

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) .................................................................................................4

*Babbage Holdings, LLC v. 505 Games (U.S.), Inc.*,
    2014 U.S. Dist. LEXIS 139195 (E.D. Tex. Oct. 1, 2014) .......................................................1

*Durrett v. Walmart, Inc.*,
    2018 U.S. Dist. LEXIS 186618 (E.D. Tex. Oct. 31, 2018) ..................................................5, 7

*Fintiv, Inc. v. Apple Inc*.,
    2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sep. 10, 2019)................................................5, 7

*Found. Med., Inc. v. Guardant Health, Inc.*,
    2017 U.S. Dist. LEXIS 20431 (E.D. Tex. Feb. 14, 2017) ...................................................10

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)...............................................................................................1

*Hammond Dev. Int'l, Inc. v. Google LLC*,
    2020 U.S. Dist. LEXIS 110984 (W.D. Tex. June 24, 2020)...................................................8

*Hoffman v. Blaski*,
    363 U.S. 335 (1960)................................................................................................................4

*LBS Innovations, LLC v. Apple Inc.*,
    2020 U.S. Dist. LEXIS 33064 (E.D. Tex. Feb. 26, 2020) ......................................................8

*Nat'l Cheng Kung Univ. v. Intel Corp.*,
    2014 U.S. Dist. LEXIS 135683 (E.D. Tex. Sep. 26, 2014) ....................................................8

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.*,
    2019 U.S. Dist. LEXIS 233382 (W.D. Tex. Feb. 20, 2019)...................................................9

*Silvertson v. Clinton*,
    2011 U.S. Dist. LEXIS 104097 (N.D. Tex. Sept. 14, 2011)...................................................7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988).................................................................................................................3

*Uniloc 2017 LLC v. Apple Inc.*,
    2020 U.S. Dist. LEXIS 109037 (W.D. Tex. June 19, 2020)...................................................1

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ...........................................................................................4, 10

*In re Volkswagen of America, Inc.*,
    545 F.3d 304 (5th Cir. 2008) .....................................................................................3, 4, 7, 9

Plaintiff paSafeShare LLC ("Plaintiff" or "paSafeShare") submits this Opposition in response to Defendant Microsoft Corporation's ("Defendant" or "Microsoft") Opposed Motion For Intra-District Transfer of Venue to the Austin Division of the Western District of Texas. For the following reasons, Plaintiff respectfully requests that Defendant's Motion be denied.

## I.    Introduction.

Microsoft carries a significant burden seeking a transfer to an allegedly more convenient forum. *See Uniloc 2017 LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 109037, at *2 (W.D. Tex. June 19, 2020) (citing *Babbage Holdings, LLC v. 505 Games (U.S.), Inc*., 2014 U.S. Dist. LEXIS 139195, at *12-14 (E.D. Tex. Oct. 1, 2014)). Not only must Microsoft show that the facts support transfer under the applicable legal standard, but it bears the evidentiary burden of establishing the desired forum "is *clearly more convenient* than the forum where the case was filed." *Babbage Holdings*, 2014 U.S. Dist. LEXIS 139195, at *13-14. Microsoft's motion, however, falls woefully short of meeting this "significant" burden. Microsoft relies extensively on speculation—the mere possibility of documents and/or witnesses located in Austin—to show that the Austin Division is clearly more convenient than the Waco Division. In fact, Microsoft makes no attempt to identify any particular witness in Austin by name, title, responsibility or relevance. Microsoft also completely ignores third-party witnesses, despite the overwhelming importance of non-party witnesses in the transfer analysis. *In re Genentech, Inc*., 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("The convenience of the witnesses is probably the single most important factor in transfer analysis.").

Microsoft's arguments about paSafeShare not having any connection to this Division are also misplaced, and turn the relevant burden on its head. Microsoft wrongly suggests that

1

paSafeShare bears a burden in showing that the Waco Division is a convenient forum to litigate this case and that it must have ties to Waco. But of course, that is *not* correct. From a plaintiff/patentee's perspective, after *TC Heartland*, a proper choice of forum under § 1400(b) is where the defendant has an established place of business or is incorporated. A plaintiff's venue choice is limited, but once a plaintiff meets its burden in selecting a proper forum, that forum choice should be respected. Only when a defendant satisfies *its* evidentiary burden to show with good cause that another acceptable venue is "clearly more convenient," should a case be transferred. Here, Microsoft has simply not satisfied this burden. Microsoft has not shown that Austin is a "clearly more convenient" forum over Waco, and therefore, its motion should be denied.

## II.     Background.

Contrary to Microsoft's arrogant and pejorative characterization of paSafeShare being a "non-practicing, patent-assertion entity" (D.I. 25 at 1),[1] paSafeShare is a family-owned business that develops and markets software applications for securely distributing content. *See* Phadke Decl. at ¶4. In 2010, Dr. Madhav and Kedar Phadke founded paSafeShare to address deficiencies in existing content distribution security. While working together as technical consultants, the father-son duo noticed a significant oversight in content distribution safeguards. In particular, though there were various security techniques (e.g., password-protected documents, access restricted web portals) that could protect sensitive data in transit, they realized that there was no way to protect against a recipient's unwanted distribution of the data. *Id*. at ¶5.

In or around mid-2010, the paSafeShare team began developing innovative and proprietary content distribution technologies. paSafeShare's technology led to the persistent

---

[1] But to be clear, plaintiff has no objection to non-practicing entities.

protection of content distributed within and across firewalls. *Id*. at ¶6. Today, paSafeShare and its contract employees continue to maintain and update its software code and functionality at its office in Colts Neck, New Jersey. *Id*. at ¶8.  And its patented technology is critical to the performance and security content distribution over networks, including Microsoft's Azure Platform.

### III.    Legal standard.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[2] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In determining whether a venue transfer is warranted pursuant to § 1404(a), "[t]he burden is on the movant to show good cause for the proposed transfer*." In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). The movant's burden "reflects the appropriate deference to which the plaintiff's choice of venue is entitled" and requires the movant to "clearly demonstrate" that the transfer is justified. *Id.* at 315. Accordingly, "when the transferee venue is *not* clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."[3] *Id.*[4]

---

[2] Microsoft's reference to an unrelated case, *Exafer Ltd. v. Microsoft Corp.,* which involves, among other things, different parties, different patents, and different infringing activities, is a red herring and completely irrelevant to the case at hand. Each case must be considered on its own sets of facts and merit. Moreover, since the time when Exafer and Microsoft agreed to transfer their case from Waco to Austin, the process for assigning transferred cases has changed.

[3] Unless indicated otherwise, all emphasis is added.

[4] In *Volkswagen II*, the Fifth Circuit explained that Congress tempered the effects of the §1391 general venue statute by enacting the venue transfer statute. It explained that the underlying premise of § 1404(a) is that "courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of §1404(a)." 545 F.3d at 312-313. *Volkswagen II* was decided before *TC Heartland*. But after *TC Heartland*, a

3

The determination of convenience "turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.*" Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

## IV.    Argument.

Microsoft does not dispute that venue is proper in the Waco Division of the Western District of Texas. Instead, the issue before the Court is whether Austin, Texas is a *clearly more convenient* venue than Waco, Texas. Defendant contends that "the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical issues, and Austin's

---

plaintiff/patentee's choice of forum is limited under §1400(b); that is, §1400(b) is *not* a general venue statute of the type addressed in *Volkswagen II*. Plaintiff/patentees can sue only where a defendant has an established place of business or is incorporated. As such, paSafeShare submits that the deference due a plaintiff's choice of forum should be fall somewhere between the Supreme Court's decisions in *Gilbert* and *Norwood*, and be entitled to significant weight. In any event, at a minimum, paSafeShare's choice of forum must be taken into account and should be respected. *In re Volkswagen II*, 545 F.3d at 314, n. 10. This is particularly true here, where Microsoft has utterly failed to establish good cause by meeting its significant burden and showing that the Austin Division is "clearly more convenient" than Waco.

local interest in deciding this case all strongly favor transfer." D.I. 25 at 5. But Microsoft's

unsubstantiated and speculative claims of convenience fail to show "good cause" for an intra-

district transfer from Waco to Austin. Accordingly, the Court should deny Microsoft's motion.

      **A.**     **The private interest factors weigh against transfer.**

         **1.**     **The sources of proof are not more conveniently located in Austin.**

Microsoft must demonstrate that transfer will result in *more* convenient access to sources

of proof. *Fintiv, Inc. v. Apple Inc*., 2019 U.S. Dist. LEXIS 171102, at *5 (W.D. Tex. Sep. 10,

2019). In particular, this factor examines the location of the potential documents, records, and

physical evidence relevant to the case. *Durrett v. Walmart, Inc.*, 2018 U.S. Dist. LEXIS 186618,

at *5 (E.D. Tex. Oct. 31, 2018). But by Microsoft's own admission, "Microsoft's engineering,

sales, and financial documents relating to the Accused Products are primarily located in

Redmond, Washington." D.I. 25-1 at ¶6.

Notably, Microsoft speculates that relevant Microsoft evidence could "potentially, in

some instances," be located in Austin. D.I. 25 at 5-6. Defendant cites to the declaration of

Karishma Irani, an HR Manager at Microsoft, in support of this conjecture. Specifically, Ms.

Irani states "the relevant business unit for these products in the US is EPD Engineering Team,

which sits within the cloud and artificial intelligence organization, and is located in Redmond,

Washington. The engineering organization responsible for the Accused Products is located in

Redmond, Washington, and the engineers in this organization primarily work in Redmond. I am

further aware that there are Microsoft employees who sit in the cloud and artificial intelligence

organization in Austin, Texas, at least one of whom works on the Accused Products." D.I. 25-1

at ¶5. But Ms. Irani never addresses documentary evidence whatsoever, let alone the location

and/or specific identification of relevant documents located in Austin. Indeed, given Microsoft's

own admission that "any relevant Microsoft evidence is located in Redmond," (D.I. 25 at 5),

most, if not all, relevant documents are likely in Washington state. Accordingly, Microsoft cannot meet its evidentiary burden to show that this factor relating to sources of proof makes Austin a clearly more convenient forum over Waco. Further, Microsoft's silence as to other sources of proof further weighs against transfer to Austin.

In that regard, contrary to the lack of documents and evidence in Austin, paSafeShare's investigation shows that there *are* likely documents and other evidence located in the Waco Division. Specifically, the ONLC Training Center in Waco, Texas is an authorized Microsoft Learning Partner that offers live and hands-on courses in Microsoft Azure as well as training in Azure Role-Based Certifications. Phadke Decl. at ¶13. The offered classes cover Azure content distribution technologies, including those implicated by the patents-in-suit. *Id.* at ¶14. ONLC's Microsoft Azure Security Technologies course, for example, teaches students how to implement security controls, maintain security posture, and identify and remediate vulnerabilities by using a variety of Azure security tools. *Id.* The Waco ONLC Training Center is within the Court's subpoena power, and Plaintiff intends to take discovery of the coursework relating to content distribution security on the Azure platform. This discovery is relevant to infringement and the value of paSafeShare's patented technology.

Additionally, Heart of Texas Network Consultants in Waco, Texas is a member of the Microsoft Partner Network. *Id* at ¶15. As such, Heart of Texas Network Consultants is certified to provide Microsoft's Azure platform and the Microsoft Office 365 cloud-based productivity suite to businesses in Texas. *Id.* Heart of Texas Network Consultants is within the Court's subpoena power, and Plaintiff intends to take discovery of resources relating to Azure's content distribution technologies, which are relevant to the patents-in-suit.

Because Microsoft has failed to identify any sources of proof in Austin, this factor weighs against transfer. paSafeShare, on the other hand, has shown that there are likely relevant documents and witnesses located within the Waco Division – that too weighs against transfer.

### 2. Microsoft fails to show that the cost of attendance for willing witnesses favors transfer.

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 U.S. Dist. LEXIS 171102, at *17. In order to prove this factor, "the party seeking the transfer must specify clearly . . . the key witnesses to be called and their location and must make a general statement of what their testimony will cover." *Silvertson v. Clinton*, 2011 U.S. Dist. LEXIS 104097, at *15 (N.D. Tex. Sept. 14, 2011) (citing 15 Charles A. Wright, et al., Federal Practice and Procedure § 3851, at 221-22 (3d ed. 2007)). Microsoft fails to do even that. Microsoft has neither identified any potential witnesses, much less any key witnesses it will call at trial, nor provided a general statement regarding their testimony.[5] Instead, Microsoft argues that the cost of attendance for willing witnesses favors transfer because "*it is possible* that there are one or more *potentially* relevant witnesses in Austin." D.I. 25 at 6.[6] Yet again, Microsoft's

---

[5] Ms. Irani states that she is aware of at least one person who works on the accused products in Austin. D.I. 25-1 at ¶ 5. But that witness is unnamed. Moreover, Ms. Irani does not identify which accused product the person works on, and what that person does. It could very well be that this person's job responsibilities are irrelevant to the patented technology at issue, even though that person may work on the Microsoft Azure platform, for example. At bottom, Ms. Irani's vague statement about this single unidentified employee is not enough to satisfy Microsoft's significant burden to show good cause for a transfer.

[6] In *Durrett v. Walmart, Inc.*, for example, the court refused to weigh this factor in favor of transfer even though "[m]ost, if not all, of the witnesses to the incident likely work or reside in [the transferee forum]." 2018 WL 5630521, at *9. As the court explained, "Defendant has named no [actual] witnesses, non-party or otherwise, to illustrate the inconvenience they would suffer if transfer was denied." *Id.* Like in *Durrett*, Microsoft has not named any Austin employees who might serve as potential witnesses and consequently cannot sufficiently illustrate the inconvenience any particular witness would suffer if transfer is denied.

statements are highly speculative and unsubstantiated with evidence, and should thus be accorded no weight.

Microsoft further argues "[f]or witnesses traveling from Redmond, Austin is more convenient because they can work out of Microsoft's Austin facility." D.I. 25 at 6. That assertion, however, is not compelling, and in fact, laughable. If any of the unnamed Microsoft witnesses are traveling from Redmond for a few days of trial, they will be focused on the trial, *not* working from the Austin office. Moreover, "[w]hile the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis." *LBS Innovations, LLC v. Apple Inc.*, 2020 U.S. Dist. LEXIS 33064, at *15 (E.D. Tex. Feb. 26, 2020); *see also Hammond Dev. Int'l, Inc. v. Google LLC*, 2020 U.S. Dist. LEXIS 110984, at *11-12 (W.D. Tex. June 24, 2020) ("The convenience of party witnesses is given little weight."). Yet, Microsoft makes no attempt to analyze the cost of attendance for any third-party or paSafeShare witnesses. *See Nat'l Cheng Kung Univ. v. Intel Corp.,* 2014 U.S. Dist. LEXIS 135683, at *5-6 (E.D. Tex. Sep. 26, 2014) (denying Intel's motion to transfer, and noting that Intel placed "heavy emphasis on its own witnesses without setting forth a thorough analysis of NKCU and third-party witnesses").

With regard to paSafeShare's witnesses, this factor does not favor transfer. *See* Phadke Decl. at ¶12. As Mr. Phadke explains in his declaration, all of paSafeShare's witnesses, including himself, his father, and patent prosecuting attorneys reside in New Jersey. There are flights to both Austin and Dallas from Newark Airport in New Jersey, and the witnesses could simply drive from Dallas to Waco for the trial. For the paSafeShare witnesses, traveling to Austin or traveling to Dallas, and then driving to Waco, is relatively the same in terms of convenience. But

there are more scheduling options and direct flights to Dallas, than Austin. And in this regard, the Court has recognized that it is just as easy for witnesses outside of Texas to fly to DFW and drive to Waco than it is for them to fly to Austin. S*ee, e.g., RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, 2019 U.S. Dist. LEXIS 233382, at *11 n.5 (W.D. Tex. Feb. 20, 2019) ("Waco is as accessible as Austin since the time to fly into Dallas and drive to Waco is relatively the same as flying into Austin since such flights usually make a connection in Dallas.").

Additionally, this Court has cited its own experience driving from Austin to Waco, noting that it "does not believe that the short hour and a half drive is as tiresome and burdensome as [the movant] contends." *Id*. Moreover, on relative costs, this Court has determined that "[i]f anything, Waco would be cheaper for witnesses because of Austin's high cost of living." See *id.* at *10 ("Regardless, '[w]hen travel over 100 miles could impose substantial expense on [] witness[es], the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment.'").

Moreover, as mentioned above, employees of the Waco ONLC Training Center and Heart of Texas Network Consultants are witnesses having intimate knowledge of Microsoft's Azure platform and the accused products. These witnesses are within the Court's subpoena power, and the lower cost of their attendance at trial weighs against transfer. Simply put, Microsoft has *not* met its burden to show that the location of witnesses and cost of witnesses to attend trial favor transfer.

### 3.    All other practical problems weigh against transfer.

In considering a transfer, the court considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Microsoft asserts that this factor "strongly weighs in favor of transfer" because this case is in its early stage, and would not result in any meaningful delay. D.I. 25 at 7. But Microsoft fails to provide any

9

evidence indicating that having this case in Austin makes it easier, more expeditious, or less expensive than Waco. Ultimately, Microsoft's argument rests on the fallacy that it is more convenient for this litigation to proceed in Austin – the very same dispute that Microsoft's transfer motion raises. But it cannot be said that transferring this case to Austin would result in an easier and more expeditious resolution as compared to Waco. If this case were transferred to Waco, the assignment of this case and the case schedule will likely change, and therefore, this factor weighs against transfer.

### B.    The public interest factors weigh against transfer.

#### 1.    The local interest factor.

This factor involves "the factual connection" that a case has with the transferor and transferee forum. *Volkswagen I*, 371 F.3d at 206. Microsoft asserts that Austin has a stronger local interest in this litigation because of Microsoft's presence in the Austin Division. But Defendant's generalized commercial presence is typically not sufficient to demonstrate any meaningful local interest in the outcome of a case. *Found. Med., Inc. v. Guardant Health, Inc*., 2017 U.S. Dist. LEXIS 20431 at *10 (E.D. Tex. Feb. 14, 2017). In fact, the district court recognized that "it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise." *Id.*

Moreover, contrary to Microsoft's assertions that Microsoft has no local Waco interests (D.I. 25 at 7), as explained above, Microsoft partners with the Waco ONLC Training Center and Heart of Texas Network Consultants to train employees and disseminate technologies implicated by the patents-in-suit. Retail stores located within the Waco Division, such as Best Buy, Office Depot, Walmart, and Target, also sell Microsoft Office 365, an accused product. Phadke Decl. at ¶17. As such, Microsoft has a presence in Waco, and this Court has an interest in resolving it.

## V.     Conclusion.

For the foregoing reasons, this Court should deny Microsoft's motion to transfer this case

to the Austin Division.


Dated: September 25, 2020                          Respectfully submitted,

OF COUNSEL:                                        _/s/Raymond W. Mort, III_____
Ronald M. Daignault (pro hac vice)                Raymond W. Mort, III
Chandran B. Iyer (pro hac vice)                   Texas State Bar No. 00791308
Stephanie Mandir (pro hac vice)                   raymort@austinlaw.com
GOLDBERG SEGALLA LLP
rdaignault@goldbergsegalla.com                    THE MORT LAW FIRM, PLLC
cbiyer@goldbergsegalla.com                        100 Congress Avenue, Suite 2000
smandir@goldbergsegalla.com                       Austin, Texas 78701
711 Third Avenue, Suite 1900                      Tel/Fax: 512-865-7950
New York, New York 10017
Telephone: (646) 292-8700


                                                  *Attorneys for Plaintiff paSafeShare LLC*