**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **PASAFESHARE LLC,** *Plaintiff,* | § § § | |
| v. | § § | 6-20-CV-00397-ADA |
| **MICROSOFT CORPORATION,** *Defendant.* | § § § § | |

## ORDER DENYING DEFENDANT MICORSOFT'S MOTION
## FOR INTRA-DISTRICT TRANSFER OF VENUE UNDER 28 U.S.C. § 1404(a)

Came on for consideration this date is Defendant Microsoft's Motion to transfer under 28 U.S.C. § 1404(a) filed on September 3, 2020. Def.'s Mot. at 10, ECF No. 25. Plaintiff PaSafeShare filed its Response (ECF No. 28) on September 25, 2020 and Microsoft filed its Reply (ECF No. 29) on October 9, 2020.

After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Defendant Microsoft's Motion for Intra-District Transfer to the Austin Division of the Western District of Texas.

## I. BACKGROUND

PaSafeShare filed this lawsuit on May 14, 2020 alleging infringement of U.S. Patent Nos. 9,455,961; 9,615,116; and 10,095,848. Pl.'s Compl., ECF No. 1. According to PaSafeShare the patents at issue relate, in part, to the persistent protection of content distributed within and across firewalls. *Id.* at 10. Microsoft filed this motion to transfer venue under 28 U.S.C. § 1404(a) requesting that the case be transferred intra-district to the Austin Division of the Western District of Texas ("WDTX"). Microsoft does not dispute that venue is proper in the Waco Division of the WDTX. Therefore, the Court now focuses on whether the Austin Division is clearly more convenient.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party moving for transfer carries the burden of showing good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "*Volkswagen II*") ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. If so, in the Fifth Circuit, the "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at

home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

A court may "consider undisputed facts outside the pleadings, but it must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018). It is this issue that Apple's post-hearing brief primarily addressed, and the Court has taken its additional arguments into consideration in determining whether to grant the Motion to Transfer.

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. *Volkswagen II*, 545 F.3d at 314 n.10, 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315; *see also QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007) (characterizing movant's burden under § 1404(a) as "heavy").

In the Fifth Circuit, these factors apply to both inter-district and intra-district transfers. *In re Radmax Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). It is well settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers. *See, e.g.*, *Sundell v. Cisco Systems Inc.*, 1997 WL 156824, at *1, 111 F.3d 892 (5th Cir. 1997) ("Under 28 U.S.C. § 1404(b), the district court has broad discretion in deciding whether to

transfer a civil action from a division in which it is pending to any other division in the same district.").

## III. ANALYSIS

### a. Private Factors

### *i. Relative ease of access to sources of proof*

In considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345). Here, the Court finds that the location of electronic and physical documents is neutral.

Microsoft argues that this factor weighs in favor of transfer because it has no relevant documents pertaining to this matter in the Waco Division. Def.'s Mot., ECF No. 25 at 5. Microsoft asserts that all relevant evidence is located in Redmond, Washington and "in some instances, in Austin, Texas." *Id.* at 5–6. Microsoft further asserts that the fact that some of Microsoft's documents are outside of Texas is "immaterial to the analysis." *Id.* at 6. In response, PaSafeShare makes two counter-arguments. First, PaSafeShare argues that Microsoft has failed to identify any sources of proof in Austin. Pl.'s Resp. ECF No. 28 at 5. Second, PaSafeShare argues that there are identifiable and likely relevant documents located in the Waco Division. *Id.* at 6.

PaSafeShare points to specific locations within the Waco Division where it asserts that potential evidence related to the infringement is located. *Id.* at 6. Specifically, PaSafeShare argues that there are likely documents and other evidence located at the ONLC Training Center

in Waco, an authorized Microsoft Learning Partner, and Heart of Texas Network Consultants, a member of the Microsoft Partner Network. *Id.*

In its Reply, Microsoft makes two primary counter-arguments. First, Microsoft asserts that the burden is not for the movant to specifically identify any and all relevant documents in Austin. Def.'s Reply ECF No. 29 at 2. Microsoft also argues that it is unclear what documents are implicated in this case, but to the extent that they would be located in Texas, they would be located in Austin, Texas. *Id.* Second, Microsoft argues that, while PaSafeShare has asserted two "entirely new alleged sources of evidence in Waco," they have failed to provide any explanation as to how these sources would be relevant to the alleged infringement. *Id.* at 3.

First, both parties discuss witnesses as sources of proof. Pl.'s Resp. at 5; Def.'s Reply at 2–3. This Court, in following Fifth Circuit precedent, has made clear that witnesses are not sources of proof to be analyzed under this factor. Under this factor, the Court considers only documents and physical evidence. *Netlist, Inc. v. SK hynix Inc. et al*, No. 6:20-cv-00194-ADA (W.D.T.X. February 2, 2021) ("The first private factor, ease of access to sources of proof, considers 'documents and physical evidence' *as opposed to witnesses.*") (emphasis added); *In Re Apple Inc.*, No. 2020-135, 2020 WL 6554063, at *4 (Fed. Cir. Nov. 9, 2020) ("[t]his factor relates to the ease of access to non-witness evidence, such as documents and other physical evidence"); *Volkswagen II*, 545 F.3d at 315 ("All of the documents and physical evidence relating to the accident are located in the Dallas Division"). Accordingly, both Parties' discussion of witnesses is more appropriately addressed under the second or third private factors and not under this factor.

In looking at the potentially relevant documents and other physical evidence, the Court finds that the "relative ease of access to sources of proof" factor is neutral. PaSafeShare has

attempted to point to potentially relevant documents that are located in the Waco Division but has pointed to no specific documents that are located in the Waco Division. *See generally* Pl.'s Resp. Microsoft, as the accused infringer, will likely have the bulk of the documents that are relevant to this case. *See, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). In its Reply, Microsoft argues that there are *potentially relevant* documents in Austin but fails to identify any such documents. *See generally* Def.'s Mot. Instead, Microsoft primarily argues that the bulk of relevant documents are in Washington and not Texas. *Id.*

Microsoft contends that the critical point in the analysis is that "none of the relevant evidence is in the Waco Division." *Id.* at 6. However, Microsoft pointing to the bulk of relevant documents in another state is not helpful when looking at the convenience of the Austin Division in comparison to the Waco Division. The critical point of the analysis is the place where the Defendant's documents are kept. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345. Here, the place where Defendant Microsoft's documents are kept is Redmond, Washington. Because of this the Court finds that the relative access to sources of proof factor is neutral.

### ii. Availability of compulsory process to secure the attendance of witnesses

Microsoft asserts that this factor is neutral and PaSafeShare does not address this factor. Def.'s Mot. at 8; *see generally* Pl.'s Resp. The Court agrees that this factor is neutral.

### iii. Cost of attendance for willing witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The Court should consider all potential material and relevant witnesses. *See Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Id.* at 1343. Additional distance means added travel time and costs due to additional meals and lodging expenses. *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004). The convenience of party witnesses is given little weight. *See ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010).

As a preliminary matter, given typical time limits at trial, the Court does not assume that all of the party and third-party witnesses listed in 1404(a) briefing will testify at trial. *Fintiv, Inc. v. Apple Inc.*, 6:18-CV-00372-ADA, 2019 WL 4743678 at *6 (W.D. Tex. Sept. 13, 2019). Rather, in addition to the party's experts, the Court assumes that no more than a few party witnesses—and even fewer third-party witnesses, if any—will testify live at trial. *Id.* Therefore, long lists of potential party and third-party witnesses do not affect the Court's analysis for this factor. *Id.*

The Court finds that this factor is neutral. Microsoft's primary argument lies in that Waco is inconvenient to its own witnesses and that Austin is more convenient. Def.'s Mot. at 6. Microsoft, however, concedes that a majority of potentially relevant Microsoft witnesses are located in Redmond, Washington. *Id.* Additionally, Microsoft argues that travel to Waco for its Austin witnesses "could potentially impose additional travel burden, inconvenience, and costs."

*Id.* PaSafeShare responds that the convenience of party witnesses is given little weight. Pl.'s Resp. at 8. PaSafeShare additionally points out that this Court has previously stated that it does not find the drive from Austin to Waco tiresome or burdensome *Id.* at 9; *see*, *e.g., RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, 2019 U.S. Dist. LEXIS 233382, at *11 n.5 (W.D. Tex. Feb. 20, 2019).

Here, witnesses will likely fly into Dallas and then fly or drive to Waco, Texas if the case proceeds in the Waco Division. If the case were to be transferred to the Austin Division, witnesses would fly into Austin. This Court has held that Waco is as accessible as Austin. *Id.* The time to fly into Dallas and drive to Waco is relatively the same as flying into Austin. *Id.* Additionally, this Court has stated previously that in terms of relative costs, "Waco would be cheaper for witnesses because of Austin's high cost of living." *See id.* at *10. Neither party has shown that the cost of attendance for willing witnesses weighs for or against transfer. Accordingly, the Court finds that this factor is neutral.

### iv. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court finds that this factor weighs against transfer. Microsoft argues that transferring this case to the Austin Division would not result in any meaningful delay and that judicial economy considerations weigh for transfer because of the convenience of identified witnesses. Def.'s Mot. at 7. PaSafeShare responds by arguing that Microsoft has offered no evidence as to why Austin would be an easier or more expeditious venue than Waco. Pl's Resp. at 9–10. PaSafeShare further argues that if the case were transferred from Waco, the assignment of the case and schedule would likely change. *Id.*

First, the convenience of identified witnesses is not addressed under this factor and has already been discussed under previous factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315

(5th Cir. 2008) (en banc) [*Volkswagen II*] (quoting *Volkswagen I*, 371 F.3d at 203). Further, Microsoft has offered no persuasive argument on this factor. On the contrary, the parties have been litigating this case since it was filed in May of 2020. *See generally* Pl.'s Compl. Transferring a case that has been actively litigating in one court causes set-backs and takes time. Thus, transfer to the Austin Division would likely cause a delay. For these reasons the Court finds this factor weighs against transfer.

**B. Public Factors**

*i. Administrative difficulties flowing from court congestion*

Microsoft asserts that this factor is neutral and PaSafeShare does not address this factor. Def.'s Mot. at 8; *see generally* Pl.'s Resp. The Court agrees that this factor is neutral.

*ii. Local interest in having localized interests decided at home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Microsoft's only argument regarding this factor is that Microsoft's presence in Austin strongly suggests that Austin has more of an interest in deciding this case than Waco. Def.'s Mot. at 7. Microsoft argues that Waco has no interest in deciding this case. *Id.* PaSafeshare responds arguing that the generalized commercial presence of Microsoft in Austin is insufficient to weigh in favor of transfer. Pl.'s Resp. at 10. Both divisions are home to Microsoft facilities, employees, and are significant markets for the allegedly infringing products. *Id.* This factor looks at whether there is a factual connection between the events and the venue, not whether there is a

generalized presence of either of the parties in the location of the venue. *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015).

Microsoft is headquartered in Redmond, Washington and has a generalized commercial presence in both Austin and Waco. Def.'s Mot. at 7; Pl.'s Resp. at 10. There has been nothing established by either party to show that there is any more of a connection to Austin than there is to Waco. *Id*. A generalized commercial presence is not typically sufficient to demonstrate a meaningful local interest in the case. *Found. Med., Inc. v. Guardant Health, Inc.*, 216CV00523JRGRSP, 2017 WL 2226412, at *3 (E.D. Tex. May 19, 2017) ("…a generalized commercial presence is typically not sufficient to demonstrate meaningful local interest in the outcome of the case."). Additionally, as other district courts have recognized, it is generally not true that a patent case gives rise to a local controversy or interest. *Id.* Here, there is nothing to suggest otherwise. Accordingly, the Court finds this factor is neutral.

### *iii. Familiarity of the forum with the law that will govern the case*

Microsoft asserts that this factor is neutral and PaSafeShare does not address this factor. Def.'s Mot. at 8; *see generally* Pl.'s Resp. The Court agrees that this factor is neutral.

### *iv. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

Microsoft asserts that this factor is neutral and PaSafeShare does not address this factor. Def.'s Mot. at 8; *see generally* Pl.'s Resp. The Court agrees that this factor is neutral.

### IV. CONCLUSION

Having found that the ease of access to relevant sources of proof weighs in favor of transfer, the practical problems factor weighs against transfer, and all other factors being neutral, the Court finds that Microsoft has not met its burden to demonstrate that the Austin Division is

"clearly more convenient." *QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 664 (E.D. Tex. 2007).

Because the Court finds that Microsoft has not demonstrated that the Austin Division is a clearly more convenient venue than the Waco Division, it is therefore ordered that Microsoft's Motion for intra-district transfer of venue to the Austin Division is **DENIED**.

**SIGNED this 7th day of April, 2021.**

_____
**ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE**