IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PASAFESHARE LLC, <br><br> Plaintiff, <br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | C.A. No. 6:20-cv-00397-ADA <br><br> JURY TRIAL DEMANDED |

**JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE**

Pursuant to this Court's Order (Dkt. 244), paSafeShare and Microsoft conducted a meet and confer on April 7, 2025 regarding how to proceed going forward with this case. The parties were not able to reach an agreement, and each party presents its position below. The parties respectfully request a status conference with the Court to discuss next steps.

1

**paSafeShare's Position**. paSafeShare's infringement theories are strong—and they should be tried. paSafeShare proposes that it proceed with its Analytical Approach damages theory at trial (preferably with, but alternatively without, an amended damages opinion).

paSafeShare's Analytical Approach damages theory was timely disclosed to Microsoft in discovery, and Microsoft has fully addressed the theory through discovery and its experts. This theory calculates Microsoft's incremental profit from sale of the infringing technology in the accused Azure Information Protection ("AIP") product. Microsoft provided financial information for AIP, including revenue, units sold, and pricing information. It also provided marketing information that identifies the specific features of AIP as sold to its customers, including eight of thirteen features that include the infringing technology. Microsoft's internal documents regarding its Secure Email initiative (which added the infringing technology to AIP), projected to almost double the monthly average users of AIP at the time of the hypothetical negotiation.

Contrary to Microsoft's claims, this evidence was specifically identified during fact discovery in paSafeShare's response to Interrogatory No. 8 pursuant to Rule 33(d). paSafeShare's response also identified paSafeShare's damages theory as a reasonable royalty determined by the hypothetical negotiation and specific relevant witnesses, including several Microsoft employees. Microsoft never challenged paSafeShare's invocation of Rule 33(d) nor did Microsoft move for a more specific response to Interrogatory No. 8 during fact discovery.[1] A damages calculation was

---

[1] paSafeShare also specifically identified an analytical approach theory, *e.g.*, "paSafeShare additionally notes that a reasonable royalty rate can be ascertained using several factors such as Defendants' profit projections for the asserted infringing sales." Interrogatory No. 8 did not request "specific evidence" or "specific testimony" to support each theory but that paSafeShare identify "factual support for those theories, and computations of damages within each category." paSafeShare properly identified the witnesses and utilized Rule 33(d), including identifying the financial information and Microsoft documentation to support the damages calculation. The evidence supporting the Analytical Approach damages theory was identified.

fully disclosed during expert discovery in Mr. Blok's supplemental report, which Microsoft agreed was timely. Further, the Analytical Approach damages theory was also fully disclosed (and fully addressed by Microsoft) during expert discovery.

Microsoft's evidence of sales and profitability of AIP, the marketed features, and its internal usage projections for the infringing technology at the time of the hypothetical negotiation is evidence that the Federal Circuit has found supports a damages verdict. *See, e.g., Finjan, Inc. v. Blue Coat Sys.*, 879 F.3d 1299, 1313 (Fed. Cir. 2018) (jury entitled to assign each of twenty-four separate functions an equal value); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1211 (Fed. Cir. 2010) (reasonable royalty can be calculated by splitting defendant's associated profits). Indeed, the Analytical Approach aligns with damages theories this Court has approved,[2] and paSafeShare can proceed with this theory with or without the excluded damages expert opinions.[3]

paSafeShare's damages expert, Mr. Blok, provided an analytical approach damages opinion based on the AIP evidence produced by Microsoft (separate from the excluded IntraLinks damages theory).[4] Mr. Blok referred to this opinion as "an alternative calculation of reasonable royalties, based on the measurable incremental benefit Microsoft realized from offering the

---

[2] *E.g., Hafeman v. LG Elecs., Inc.*, No. 6:21-cv-00696-ADA, Dkt. 109 (W.D. Tex. Feb. 13, 2023), 2023 U.S. Dist. LEXIS 119846, at *4 (W.D. Tex. Apr. 12, 2023).

[3] Microsoft is wrong that all of paSafeShare's damages expert opinions have been excluded. Mr. Blok was not excluded in his entirety (as Microsoft's motion only challenged "*certain* opinions"), and he can still assist the jury with testimony regarding sales and profitability of AIP and the hypothetical negotiation. To the extent Microsoft now claims that additional opinions or paragraphs of Mr. Blok's report were excluded other than the specific "certain opinions" objected to in its motion, the Court should not countenance such overreach. There is no basis to exclude Mr. Blok's qualified and helpful testimony regarding Microsoft's financial information and the hypothetical negotiation. And Dr. Russ's initial expert report also details the damages evidence for Secure Email and its benefits extensively, and none of these opinions and supporting evidence has been excluded. *See* Dkt. 191 Ex. S (3-18-2024 Opening Expert Report of Dr. Russ) at ¶143-169.

[4] *See, e.g.,* Dkt. 193, Ex. 6, ¶¶ 9, 53-69, 86-99, 108, 115-120, 125, 128; Dkt. 188, Ex. 23, ¶¶ 4, 10, 58-60 (Microsoft's damages expert detailed Mr. Blok's theory and called it a "second opinion").

Accused Functionality, as a reasonableness check." *See* Dkt. 193, Ex. 6, ¶ 2. Because the opinion was referred to as a "reasonableness check," Microsoft argued that it was not a standalone theory. This Court sided with Microsoft on that issue. *See* Dkt. 231, 20-21. paSafeShare thus proposes to redact reference to a "reasonableness check" in Mr. Blok's report. The detailed (at least 40-paragraph) opinion stands as a complete damages calculation without the words "reasonableness check." To the extent the Court identifies any other concern with the opinion, paSafeShare requests leave to submit a short supplemental report to address such concerns. Microsoft can respond and/or re-depose Mr. Blok following redaction or supplementation *if it so chooses*.[5] Mr. Blok's complete testimony will undoubtedly assist the jury, and this approach is an efficient and expedient way to meaningfully advance this litigation..*See Via Vadis, LLC v. Amazon.Com, Inc*., 2022 U.S. Dist. LEXIS 93577, at *7 (W.D. Tex. May 24, 2022) ("[T]he incremental cost added to Defendant's previous rebuttal of and challenges to the original report likely will be relatively low.").

      Microsoft's proposals, on the other hand, lack precedential support, seek to strip paSafeShare of its statutory rights under 35 U.S.C. § 284, and add complexity and further proceedings to this case. Microsoft proposes an interlocutory appeal. But that approach is not viable for multiple reasons. To even attempt such an appeal, the Court first would need to prepare an opinion detailing the basis for Rule 702 exclusion and certify the interlocutory appeal. *See* 28 U.S.C § 1292(b). Even then, the Federal Circuit has repeatedly *denied* requests for damages appeals because there is no controlling issue of law until liability is decided. *See Rembrandt Soc. Media, LP v. Facebook, Inc.*, 561 F. App'x 909, 910-13 (Fed. Cir. 2014) ("[L]iability may be tried and established here even if the district court's pre-trial *Daubert* ruling is not reconsidered before

---

[5] Microsoft points to arguments it made other than its "reasonableness check" argument in its briefing, but the only other argument discussed at the hearing was the 50% apportionment (47-49), for which paSafeShare is happy to discuss options for a short supplement to address any concerns.

4

or at trial and even if that ruling leaves Rembrandt with no proof of damages); *Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1007 (Fed. Cir. 2013) ("theory on which damages may be recovered cannot be controlling where the issue of liability remains undecided.").

Incredibly, Microsoft posits neither paSafeShare nor this Court should consider the likelihood of success, but simply certify and file a costly interlocutory appeal with no regard to whether it would ever be heard. In lieu of interlocutory appeal, the Federal Circuit has found that correcting the expert's damages opinion may be the more sensible route—exactly as paSafeShare proposes here. *Rembrandt,* 561 F. App'x at 912-13 ("[O]nce trial is delayed, there may be much less reason for denying an opportunity to correct defects in proposed damages evidence.").[6]

Summary judgment of absence of remedy would be futile and a waste of the parties' and the Court's time. As a threshold matter, the summary judgment deadline has long passed, and summary judgment briefing now would present the most costly and delayed path. If Microsoft truly believed the accused technology had zero value, it should have brought a summary-judgment motion in accordance with the Court's schedule; it did not need to wait for the Court granted its Rule 702 motion. More fundamentally, liability may be tried and established even if paSafeShare has no proof of damages (and it does) with or without its damages expert's full opinions. To the extent Microsoft relies on *Exafer*, that case is on appeal and highly distinguishable. Unlike here, *Exafer* involved accused functionality that did not have its own direct revenue stream or marketing that easily could be presented to the jury to determine a damages amount. The evidence identified

---

[6] Microsoft claims *MLC* is applicable because it is "more recent." *See infra*. But *MLC* is limited to its "unique circumstances" as the parties *agreed* there was "no damages case to present at trial." That is not the case here, and *Rembrandt* and *Fujitsu* apply. Notably, the district court in *MLC* denied summary judgment of no remedy because zero might not be the only reasonable royalty.

above can be relied on by the jury to determine damages, and Microsoft is simply wrong that the parties would be proceeding to trial with no evidence of damages.

And not a single Federal Circuit case has upheld summary judgment of absence of remedy because § 284 plainly states that a patentee is entitled to *no less* than a reasonable royalty upon a finding of infringement.[7] Instead, Microsoft misguidedly relies on a case where a patentee deliberately *waived* damages *at trial*. *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020). But as the Federal Circuit found in *TecSec*, "[i]t is unlikely that a hypothetical negotiation would result in a zero royalty rate." *Id*. That is the case here, and paSafeShare has *not* waived damages at trial. The case should go to trial.

Microsoft cannot argue that trial is a waste of time, when paSafeShare's infringement case remains strong, there is a statutory right to proceed under 35 U.S.C. § 284, and Microsoft has produced admissible evidence upon which a jury can determine damages. Microsoft prematurely claims victory based on a non-dispositive *Daubert* motion. With or without the limited expert-report supplementation requested by paSafeShare, the parties should proceed to trial. But to be clear, paSafeShare will proceed as the Court directs and paSafeShare following the Court's directive cannot be a proper justification for Microsoft's fanciful claim of an "exceptional case" or the imposition of attorneys' fees.[8]

---

[7] *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) ("Section 284 is clear that expert testimony is not necessary to the award of damages, but rather *may* be received as an aid.") (cleaned up); *see also Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) (Section 284 "requires the district court to award damages 'in an amount no less than a reasonable royalty' even if [the patentee] has no evidence to proffer.") (quoting *Dow*, 341 F.3d at 1381).

[8] Not only are Microsoft's improper threats severely misplaced, but Microsoft grossly misstates *De La Vega v. Microsoft Corp.*, where the Court dismissed a claim because infringement was not pled—*not* for lack of damages. 2020 U.S. Dist. LEXIS 116081 (W.D. Tex. Feb. 11, 2020).

**Microsoft's Position**. The Court excluded all of paSafeShare's damages opinions (Dkt. 244), and during discovery, paSafeShare refused to disclose any specific damages position upon which a jury could non-speculatively rely. Accordingly, the appropriate course is (1) for Microsoft to file a summary judgment of no remedy (as it did successfully in *Exafer* in almost identical circumstances before Judge Pitman), or (2) for paSafeShare to take an interlocutory appeal of the Court's order granting Microsoft's *Daubert* motion as to damages.[9] Microsoft defers to the Court on which path is most appropriate.

paSafeShare's proposals are wasteful and offer a backdoor to the "second mulligan" that the Court previously told paSafeShare it would not receive. Proceeding to trial with no damages evidence is not more efficient than defending a summary judgment motion or taking an appeal. Being allowed yet another opportunity to redo its damages expert report and re-open expert discovery is likewise more costly and less efficient.

***Summary Judgment.*** The course Judge Pitman set in the *Exafer* case, which has since been transferred to this Court, resonates here with equal, if not greater, force. *Exafer* involves the same Plaintiff's counsel, the same excluded damages expert, and the same defendant as in this case. Aware firsthand of the commonalities with *Exafer*, paSafeShare attempts to sidestep them by attempting to significantly narrow the Court's ruling on Microsoft's damages *Daubert*. While re-arguing Plaintiff's rejected *Daubert* positions, paSafeShare's position statement mischaracterizes the Court's rejection of Plaintiff's so-called Analytical Approach as based

---

[9] paSafeShare correctly points out that Microsoft also proposed that paSafeShare dismiss this case with prejudice. Plaintiff has already subjected Microsoft to the additional costs of pursuing a second-failed damages disclosure, and Plaintiff's request to redo its damages case yet again is based—as explained herein—on a fundamental misreading of the Court's Order granting Microsoft's damages *Daubert*. Microsoft proposed that paSS dismiss with prejudice as a potential avenue for the parties to avoid additional expense when there is no remedy available.

merely on paSafeShare's characterization of that theory as a "reasonableness check." This mischaracterization ignores:[10]

- Microsoft's substantive challenges to the Analytical Approach (Dkt. 189 at 24-33);
- The significant time at the final Pretrial Conference devoted to arguing those substantive challenges (Dkt. 231 at 46:23-49:14; 51:15-56:10); and,
- The Court's clarification—at paSafeShare's urging—at the final Pretrial Conference that the Court was granting Microsoft's damages *Daubert* in full (*Id*. at 58:4-13 ("I'm granting [Microsoft's *Daubert* motion] with respect to everything with respect to your damages expert.")).

Consequently, as in *Exafer*, passSafeShare has no expert evidence to support a damages award. *See Exafer Ltd v. Microsoft Corp.*, No. 1:20-CV-131-RP, 2024 WL 4212347, at *5 (W.D. Tex. Aug. 15, 2024) (finding Microsoft made initial showing of no remedy "[b]ased on [plaintiff's] damages expert being struck and its failure to disclose any other damages evidence or theories to [defendant] during discovery"). Also as in *Exafer*, paSafeShare's Rule 26 initial disclosures merely promised to amend in the future (which it never did), and its interrogatory responses identified no specific reasonable royalty calculations that a jury could rely upon. paSafeShare's Sept. 5, 2023 Second Amended Rule 26 Disclosures; paSafeShare's September 15, 2023 Third Supplemental Responses to Microsoft's First Set of Interrogatories (No. 1-15), pp. 25-28 (No. 8), 32-33 (No. 12). paSafeShare's discovery responses did not identify any specific evidence that it now claims supports its Analytical Approach, and it never identified any specific testimony supporting such a theory, confirming it never disclosed this theory during discovery. Even according to paSafeShare, the only "fully disclosed" damages calculations were those in

---

[10] paSafeShare argues that Microsoft only sought to strike "certain opinions" of Mr. Blok, omitting that, in connection with striking Mr. Blok's Reasonableness Check, Microsoft's Motion sought to exclude the "[r]emaining passages in support of Mr. Blok's 'Reasonableness Check,'" excluding the very evidence paSafeShare now claims it can use. Dkt. 189 at 33. The Court granted Microsoft's motion in its entirety. Dkt. 244; Dkt. 231 at 58:4-13.

Mr. Blok's expert reports. *Supra*, p. 2. Thus, Microsoft can demonstrate that paSafeShare disclosed no damages theories outside those of its now-stricken expert, which shifts the burden to paSafeShare to demonstrate that a genuine issue of material fact exists as to whether there is competent, reliable evidence to support a non-zero royalty. *Id*.

The only material difference between *Exafer* and this case further underscores the futility and prejudice to Microsoft of paSafeShare's proposal. Unlike in *Exafer*, this Court has already granted paSafeShare a mulligan to correct the deficiencies in its damages expert report. Despite the Court's admonition at the time that "you only get one mulligan," paSafeShare still could not construct a reliable damages theory (Dkt. 181 at 162:10-22). Requiring paSafeShare to attempt to meet the low bar of demonstrating a genuine issue of material fact regarding a non-zero royalty is far more efficient than proceeding to trial with no damages case or granting paSafeShare endless redos.

Finally, the Court undeniably has discretion to permit additional summary judgment briefing. Indeed, it already permitted additional briefing after originally striking Plaintiff's damages theories and permitting supplemental expert discovery. Dkt. 184. Moreover, permitting additional briefing on a limited issue—whether Plaintiff has any damages remedy given the Court's order striking its expert damages opinions—is far narrower than Plaintiff's proposals of either re-opening expert discovery to change its expert theories or proceeding with trial.[11]

---

[11] Discovery should be re-opened, if at all, only as to the narrow issue of Plaintiff's contingency fee arrangement with counsel. *See Exafer*, No. 1:20-CV-131-RP, Dkt. 273 (W.D. Tex., March 12, 2025) (Report & Recommendation) (finding 48% contingency fee made Plaintiff's counsel "effectively a real party in interest"); *see also* paSS September 15, 2023 Third Supplemental Response to Microsoft's First Set of Interrogatories (No. 1-15) at 24 (failing to object based on privilege when identifying who has a financial interest in the Asserted Patents).

*Interlocutory Appeal.* paSafeShare appears unwilling to take an interlocutory appeal and raises concerns that it will not be heard. But whether such an appeal is likely to be successful is an entirely separate question from whether paSafeShare can seek an interlocutory appeal—it undeniably can. Alternatively, this Court could certify an interlocutory appeal under 28 USC § 1292(b), which is an appropriate way to proceed after a court order excluding a party's expert's damages opinions. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 794 F. App'x 951, 953 (Fed. Cir. 2020) ("Under the unique circumstances of this case, where the certified damages orders leave the plaintiff with no damages case to present at trial and the district court has concluded that there are no available alternative options without section 1292(b) review *to otherwise avoid an expensive trial solely on liability*, we agree with the district court and the parties that *review is appropriate*." (emphases added)).[12] Either way, if paSafeShare believes that the Court's ruling is improper, the appropriate path is to seek review, not to re-argue it for the third time here.

*A second mulligan.* As noted above, paSafeShare's proposal is an extraordinary waste of the Court and parties' resources and would be futile because paSafeShare has had multiple opportunities to attempt to resolve the problems with its briefing. To be clear, paSafeShare asks this Court to either allow it to (a) continue with a damages theory this Court already struck as unreliable, just without the guidance of their expert, or worse, to (b) re-open expert discovery to rehabilitate its expert by amending its experts' already-stricken report, having him sit for round three of depositions, and proceeding with a full trial. This is the type of exceptional conduct that merits attorneys' fees. *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1361 (Fed. Cir. 2017)

---

[12] Plaintiff points to *Rembrandt* and *Fujitsu* as examples of the Federal Circuit declining to take up certain interlocutory appeals, but *MLC*, issued in 2020, is more recent and confirms the Federal Circuit can and has permitted an interlocutory appeal where a party's damages opinions are struck prior to trial.

(courts should consider "asserted nuisance-value damages" in deciding whether to find case exceptional); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *5 n.7 (W.D. Tex. Feb. 11, 2020) (dismiss case after questioning how plaintiff could maintain a "financially justifiable[] claim for damages" based solely on defendant's minimal testing).

Dated: April 22, 2025

Respectfully submitted,

<div style="column-count:2">

/s/ Sarah E. Piepmeier
Sarah E. Piepmeier (admitted, CA 227094)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Phone: (415) 344-7000
Facsimile: (415) 344-7050
Email: spiepmeier@perkinscoie.com

Sarah E. Fowler (admitted, CA 264838
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-2112
Phone: (650) 838-4300
Fax: (650) 838-4350
Email: SFowler@perkinscoie.com

Antoine M. McNamara (*pro hac vice*)
Andrew Ohlert (*pro hac vice*)
Jessica J. Delacenserie (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
Email: AMcnamara@perkinscoie.com
Email: AOhlert@perkinscoie.com
Email: JDelacenserie@perkinscoie.com

Barry K. Shelton
(Texas Bar No. 24055029)
Bradley D. Coburn
(Texas Bar No. 24036377)
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734-4775
Phone: (512) 263-2165
Fax: (512) 263-2166
Email: bshelton@sheltoncoburn.com
Email: coburn@sheltoncoburn.com

*Attorneys for Defendant Microsoft Corporation*

/s/ Jason S. Charkow
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
111 Congress Avenue, Suite 450
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Of Counsel:*
Ronald M. Daignault (*pro hac vice*)*
Chandran B. Iyer (*pro hac vice*)
Jason S. Charkow (*pro hac vice*)*
Scott R. Samay (*pro hac vice*)*
Elizabeth Bernard (DC Bar No. 986675)*
Hoda Rifai-Bashjawish (*pro hac vice*)*
Kevin H. Sprenger (*pro hac vice*)
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
jcharkow@daignaultiyer.com
ssamay@daignaultiyer.com
ebernard@daignaultiyer.com
hrifai-bashjawish@daignaultiyer.com
ksprenger@daignaultiyer.com

DAIGNAULT IYER LLP
8229 Boone Blvd., Suite 450
Vienna, Virginia 22182

*Not admitted in Virginia*

*Attorneys for Plaintiff paSafeShare LLC*

</div>