**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **PASAFESHARE LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 6:20-CV-00397-ADA** |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| **Defendant.** | § | |

## <u>ORDER</u>

Before the Court is Defendant Microsoft Corporation's Motion for Summary Judgment Based on Absence of Remedy. Dkt. 255. Also before the Court is Plaintiff paSafeShare LLC's Rule 56(d) Motion to Deny or Defer Defendant's Motion for Summary Judgment (Dkt. 259). The Court held a hearing on both motions on March 19, 2026. Dkt. 269. As stated orally at the hearing, the undersigned, having considered the arguments, applicable law, and record of the case, finds that Plaintiff's Rule 56(d) Motion (Dkt. 259) should be **DENIED** and Defendant's Motion for Summary Judgment Based on Absence of Remedy (Dkt. 255) should be **GRANTED.**

## I.      BACKGROUND

This case involves three related patents—U.S. Patent Nos. 9,615,116 ("the '116 patent"), 9,455,961 ("the '961 patent"), and 10,095,848 ("the '848 patent") (collectively, "the Asserted Patents"), which relate to protecting digital content—or "rights management." The primary issue before the Court stems from repeated issues with Plaintiff's damages model. During initial disclosures, Plaintiff relied exclusively on its damages expert, Mr. Blok, to put forth a damages theory. Plaintiff objected to interrogatories requesting damages theories and related evidence, explaining its reliance on Mr. Blok. However, Mr. Blok submitted two different damages theories—both of which have been rejected by this Court.

1

Mr. Blok's first theory calculated damages by adopting the royalty base and maximum royalty rate from an outbound Microsoft license agreement for prior art software—the "Intralinks Agreement"—but included no apportionment. Microsoft moved to exclude the first damages report based on lack of comparability. Dkt. 118. The undersigned deferred ruling and allowed supplemental reports. Dkt. 181 at 2. Eventually, the undersigned excluded the Intralinks Agreement theory after supplemental reports because comparability was not established. Dkt. 244.

Mr. Blok's second theory was contained in his supplemental report. It was an "analytical theory" for calculating damages and attempted to evaluate the "measurable incremental benefit Microsoft realized from offering the Accused Functionality" as a "reasonableness check" for the Intralinks theory. The steps involved in the "analytical approach" are detailed in Defendant's Motion, and will not be reproduced here. *See* Dkt. 255 at 7-8. Microsoft moved to exclude all portions of Mr. Blok's report—which included the "analytical theory"—and the Court granted Microsoft's motion. Dkt. 244. Microsoft's motion for summary judgment of no remedy argued that because paSafeShare has failed to put forth a reliable damages theory, there is no evidence in the record that a jury could use to arrive at a non-speculative reasonable royalty.

## II.    LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (quoting *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *See* FED. R. CIV. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

## III.    DISCUSSION

### A. Plaintiff's Rule 56(d) Motion

paSafeShare argued in its Rule 56(d) motion that the Court should defer ruling on or deny Microsoft's motion, because a settlement agreement reached between Microsoft and another corporation, Virtru, is relevant to paSafeShare's damages model and should preclude the Court from ruling at this stage.

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. FED. R. CIV. P. 56.

At the hearing, the undersigned questioned counsel for paSafeShare on why they thought the Virtru settlement agreement was relevant. Dkt. 270, 5:6-7. paSafeShare provided its reasoning for why it believed the Virtru settlement was technically comparable to the technology in this case. *Id.* 5:8-8:22. Microsoft responded by pointing out procedural issues with the Rule 56(d) motion, and by arguing that the Rule 56(d) motion is, in reality, an effort to redo the Plaintiff's damages theory for a third time. *Id.* 9:3-10:14. After hearing argument, the undersigned denied the Rule 56(d) motion. *Id.* 10:18-24. The Rule 56(d) motion is an effort to incorporate a new damages model into the case—but the Court does not find that the Virtru settlement agreement is sufficiently comparable to justify denying or deferring consideration of Microsoft's motion for summary judgment.

### B.  Defendant's Motion for Summary Judgment Based on Absence of Remedy

Microsoft argued that it is entitled to summary judgment of no remedy because there is no nonspeculative way for the jury to come to a damages number and, therefore, there is no damages remedy that can be provided. *Id.* 11:6-12. Microsoft raised the concern that without a clear damages model, Microsoft had no way to know what ultimate damages figure paSafeShare would ask the jury for—and may only get to learn the ultimate figure on the Sunday before trial from paSafeShare's slides. *Id.* 11:12-20. More importantly, Microsoft argued, the jury could not be put into a position where they had no nonspeculative way to come to a damages number. *Id.* 11:21-24.

Microsoft pointed to *Rex Medical, L.P. v Intuitive Surgical* as being the case closest to being on point. *Id.* 15:13-16 (citing 156 F.4th 1289 (Fed. Cir. 2025)). Microsoft argued that *Rex Medical* supports its argument that when a jury does not have evidence from which to determine a reasonable royalty, judgment as a matter of law is appropriate. *Id.* 15:16-19. paSafeShare argued in response that summary judgment of no damages has never been upheld by the Federal Circuit, and under controlling law, if there is any evidence of a non-zero royalty, the case goes forward to trial. *See id.* 22:11-21.

paSafeShare described a process by which the jury could perform its own version of Mr. Blok's analytical approach by considering various pieces of evidence and reaching a damages figure. *See id.* 27: 3-21. The undersigned questioned counsel about what witness would actually present the various parts of the proposed damage analysis. *Id.* 27:22-24.

Ultimately, the Court was not persuaded by paSafeShare's theory. Damages "must not be left to conjecture by the jury. They must be proved, and not guessed at." *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017). paSafeShare's proposal would present a large amount of evidence to the jury and ask the jury to perform highly complex and detailed calculations to reach a damages award. And there would be no identified witness to explain to the jury *why* to assign particular values as it reached a damages award. The Court finds a jury would not have any evidence from which it could reach a non-speculative damages award, and that judgment as a matter of law is appropriate.

## IV.   CONCLUSION

Therefore, for the reasons stated above, Plaintiff's Rule 56(d) Motion (Dkt. 259) is **DENIED.**

Defendant's Motion for Summary Judgment Based on Absence of Remedy (Dkt. 255) is

**GRANTED.**

    **IT IS SO ORDERED.**


    **SIGNED** on April 23, 2026.


                                           ALAN D ALBRIGHT
                                           UNITED STATES DISTRICT JUDGE